ORIGINAL

## UNITED STATES COURT OF INTERNATIONAL TRADE

Hitachi America, Ltd.

                Plaintiff

      V.

United States,

                Defendant

Court No. 02-00303

Subject: Harbor Maintenance Tax Assessments on Imports

## COMPLAINT

Plaintiff, Hitachi America Ltd., though its attorney Steven W. Baker, alleges as follow:

1. Jurisdiction lies pursuant to 28 U.S.C §1581(i), and 26 U.S.C. §4462(f). <u>Thomson Consumer Electronics.</u> v. <u>United States</u>, CAFC 00-1091 (4/18/01).

2. Plaintiff is the importer of merchandise upon which the United States government has assessed a Harbor Maintenance Tax (HMT) pursuant to 26 USC 4661.

3. The Harbor Maintenance Tax violates the uniformity clause of the Constitution of the United States, Article I, Section 8, Clause 1.

4. The Harbor Maintenance Tax violates the port preference clause of the Constitution of the United States, Article 1, Section 9, Clause 6.

5. The Harbor Maintenance Tax Statute, which was declared unconstitutional in <u>United States</u> v. <u>United States Shoe Corporation</u>, 523 U.S. 360 (1998), is not severable.

1

6. The Summons and Complaint in this action were filed (i.e., the action was commenced) within two years after the date the cause of action accrued in accordance with 28 U.S.C. §2636(i).

7. Plaintiff has paid all HMT charges and exactions in the manner and within the time as required by law.

WHEREFORE, Plaintiff respectfully requests that this court render judgement in its favor against Defendant as follows:

1. Holding the Harbor Maintenance Tax as assessed against Plaintiff's imports is unconstitutional.

2. Ordering the United States to stop assessing Harbor Maintenance taxes on articles imported into the United States by Plainiff;

3. Directing the United States to refund to Plaintiff the Harbor Maintenance taxes paid by Plaintiff within two years of the date of filing this Complaint, and thereafter, in connection with articles imported into the United States;

4. Directing the United States to refund to Plaintiff all Harbor Maintenance taxes ever paid by Plaintiff in connection with articles imported into the United States;

5. Directing the United States to pay interest calculated at the lawful rate from the date of each payment on all payments refunded;

6. Directing the United States to pay lawful attorneys fees and the cost of the suit herein; and

    7.    Granting Plaintiff such other and further relieff as the court deems appropriate.

Dated: April 25, 2002.

                              Respectfully Submitted,

                              Steven W. Baker
                              Attorney for Plaintiff
                              One Sutter Street, Suite 1004
                              San Francisco, California 94104-4919
                              Phone:  415-421-6705
                              Fax:    415-421-6034

RECEIVED & FILED

2002 APR 29  P 2: 17

IN ACCORD...
OF RULE 5(e)
FILED AS OF 4/29/02
TO WIT_____